## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ENRICO LEVY, Inmate #A93734,   )
                                        )
              **Plaintiff,**   )
                                        )
vs.                                          )      CIVIL NO. 09-838-GPM
                                        )
**WARDEN GATES,** *et al.*,      )
                                        )
            **Defendants.**   )

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

      Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

      An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Briefly, Plaintiff alleges that he is being denied adequate medical care for a dental problem and an eye problem. Plaintiff states that the dental problem is painful and, because of the pain, he often is unable to eat. Plaintiff further alleges that he suffered an eye injury and that he currently suffers from blurred vision due to the injury.

### DISCUSSION

The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* even though he has acquired three prior "strikes" because these allegations indicate that Plaintiff is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Despite this finding, Plaintiff's complaint fails to pass muster under 28 U.S.C. § 1915A.

"The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff's complaint completely fails to allege how the named Defendants are personally

responsible for denying him medical care for either his dental problem or his eye issue. Because "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption," *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998), the instant complaint fails to state a claim upon which relief may be granted. Additionally, the complaint fails to contain "a demand for the relief sought" as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure.

Before dismissing this action pursuant to 28 U.S.C. § 1915A, however, Plaintiff should be afforded an opportunity to cure the defects noted above.

### S**UMMARY**

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this Memorandum and Order, Plaintiff shall file an amended complaint setting forth in detail how each Defendant is personally responsible for denying him adequate medical care for either his dental problem or his eye injury. The amended complaint also shall state what specific relief (e.g., a declaration, money damages, and/or an injunction) that Plaintiff seeks from this Court.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint complying with the provisions of this Memorandum and Order within the time specified, this action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted and/or pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is **ADVISED** that a dismissal under § 1915A will count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  06/14/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge